```
            UNITED STATES DISTRICT COURT
              DISTRICT OF CONNECTICUT

COLETTE POOLE-BOYKIN, et al.,    :
                                 :
          Plaintiffs,            :
                                 :
v.                               :    CASE NO. 3:21-cv-445(RNC)
                                 :
WAL-MART STORES, INC.,           :
                                 :
          Defendant.             :
```

RULING AND ORDER

This is a product liability case brought by Colette Poole-Boykin and her child, Madison Poole, against Wal-Mart Stores, Inc. Wal-Mart has moved for a determination that Texas law applies. Plaintiffs argue in opposition that Connecticut law applies. I agree with Wal-Mart that Texas law applies.

In diversity cases brought pursuant to 28 U.S.C. § 1332, the forum state's choice of law rules govern. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996); Calvin Klein Ltd. v. Trylon Trucking Corp., 892 F.2d 191, 194 (2d Cir. 1989); In re Helicopter Crash near Wendle Creek, B.C., 485 F. Supp. 2d 47, 56 (D. Conn. 2007) ("Connecticut federal courts sitting in diversity must apply the choice-of-law rules that the Connecticut Supreme Court would apply." (internal citations omitted)).

The Connecticut Supreme Court follows the approach to conflicts issues set forth in the Second Restatement of Conflict

of Laws.  Under this approach, once an actual conflict is established (i.e. when it becomes apparent that the substantive law of one potential jurisdiction would lead to a different outcome than the law of another), courts undertake to determine which potential jurisdiction has the "most significant relationship" with the case.  This involves four factors: "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered."  In re Helicopter Crash, 485 F. Supp. 2d at 56-57 (citing Restatement (2d) of Conflict of Laws, § 145).  See also W. Dermatology Consultants, P.C. v. VitalWorks, Inc., 322 Conn. 541, 558 (2016) (discussing the Connecticut Supreme Court's adoption of the Restatement (2d) of Conflict of Laws' "most significant relationship" test for "choice of law questions sounding in tort").

　　　Here, the parties agree that an actual conflict exists.  See ECF Nos. 148-1 at 6-14; 177 at 6-15.  Proceeding to the next step in the analysis, all four factors favor applying Texas law over Connecticut law.

　　　The first factor favors Texas because that is where the injury occurred.  The second factor does not weigh as heavily in

favor of applying Texas law because the product at issue – a child's jumpsuit – was designed, manufactured, and tested outside of Texas.  However, the jumpsuit was sold in Texas, and none of the conduct causing the injury occurred in Connecticut.  Therefore, the second factor also favors Texas over Connecticut.

With regard to the third factor, plaintiffs resided in Texas before the accident and for some months thereafter, then moved to Connecticut, where Madison continues to receive medical care for her injuries.  Wal-Mart is not incorporated or headquartered in either Texas or Connecticut.  Ms. Poole-Boykin relocated to Texas while serving in the military.  Before moving to Texas she formed an intention to move to Connecticut after her tour of duty in Texas, but she was never domiciled in Connecticut prior to the accident in Texas.  A person's intent to leave a place can be relevant to determining their domicile, but only if they plan to return to a place where they were domiciled before.  See State of Texas v. State of Fla., 306 U.S. 398, 427 (1939) (discussing the requirements for determining that one state of past domicile has been abandoned in favor of another).  And even if the domicile issue were decided in plaintiffs' favor, the Restatement (2d) of Conflict of Laws § 145(2)(c) also mentions residence, and plaintiffs indisputably resided in Texas at the time of the accident.  The third factor therefore also favors Texas over Connecticut.  Finally, the

fourth factor favors Texas because the center of the parties' relationship here is the store where the jumpsuit was sold, also located in Texas.

Plaintiffs correctly argue that differences between the product liability laws of Texas and Connecticut reflect significant policy differences. Under the Restatement, however, a forum's tort law policies need not be considered when the forum's connection to the case is as weak as Connecticut's in this instance. See Restatement (2d) of Conflict of Laws §§ 6, cmt. e and 145, cmt. c.

Accordingly, while I agree with plaintiffs' argument that "[t]he contact between Plaintiff and Walmart in Texas was happenstance and could have occurred anywhere," ECF No. 177 at 16, under Connecticut's choice of law rules, Texas law applies.

So ordered this 30th day of April 2023.

                                          _____/s/ RNC_____
                                          Robert N. Chatigny
                                  United States District Judge